Johnson, J.
delivered the opinion of thg Court.
The obligation, imposed on the indorse^of a promissory note,, to demand payment of the maker, and give notice to the indorser with all due diligence,is merely a legal inference from the contract of indorsement in the ordinary form; and there is no question that the parties may by express stipulation vary its terms, and consequently its legal effects: but the Courts are slow to do it for them on circumstances, which furnish only a presumption of the intention of the parties to dispense with the rule; and it has been regretted, with much reason, that a demand and notice has ever been dispensed with, in any case where it was physical-j ly possible.
In this indorsement it is not pretended that there is any express stipulation on the part of the defendant to dispense with it; and upon analyzing the evidence, 1 think it will be found, that the only fact relied on was the insolvency of the maker, and that it was known to the defendant. But all the authorities agree that this is not enough to dispense with a demand. An insorveut may have friends, who are able, and willing to assist, and relieve him from difficulties.
The defendant did say, it is true, that he would pay the note when due; but that declaration was made in reference to the threat of Mr. Cruger, that he would bring a suit against him, without giving notice that the note was in his hands, to be put in suit, and m contemplation that the plaintiff would do every thing necessary to render him liable to pay it, when it fell due, and it must be difficult to construe this declaration into an unqualified undertaking to pay. If it were, even then the defendant' *455 would not be liable, for such a promise presupposes an implied condition, that he should have due notice of the default of the maker. In Baker v. Birch, 3 Camp. 107, the drawer, who was also the indorser of a bill of exchange, promised the acceptor, a few days before it fell due, that he would himself pay the bill, and received from the acceptor five guineas to aid him in doing so; and there Lord Ellenborough held, in an action by the holder against the dawer, that although he was intitled to.recover the five guineas, as so much money had and received to his use, yet that the defendant was discharged from his liability as drawer, and indorser, as the plaintiff had not démanded payment of the acceptor in due time.
There is another view, which, in my own mind, is equally decisive of this case. At the time the defendant held this conversation with Mr. Cruger, the latter had no authority to represent the plaintiff, not even in the character of attorney at law, for the •note was not due, and could not have beeh in his hands to sue; and a loose declaration made to him, could never operate as a new contract between these parties, although, in terms, it had amounted to an express declaration of an intention to pay, unconditionally. It was a mere declaration of intention, which the defendant was at liberty to act upon, or not, as he should after-wards think proper: and I do not know that morality would enjoin the performance of a promise, the omission of which would deprive no one of any right, or do any one a wrong. That the law does not is very certain. The motion is granted and a new trial is ordered.
Richardson, J. concurred.
Motion granted.